IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as successor by merger to MARYLAND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EUROPEAN TILE AND FLOORS, INC., and ROBERT A. DALZELL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>No. 8:16cv729T33 EAJ |

**COMPLAINT OF ZURICH AMERICAN INSURANCE COMPANY, AS SUCCESSOR IN INTEREST BY MERGER TO MARYLAND CASUALTY COMPANY, FOR <u>BREACH OF CONTRACT AND DECLARATORY JUDGMENT</u>**

Plaintiff, Zurich American Insurance Company, as successor by merger to Maryland Casualty Company ("Zurich"), by and through its attorneys, Hinshaw & Culbertson LLP, as and for its Complaint for Breach of Contract and Declaratory Judgment against Defendants, European Tile and Floors, Inc. ("European") and Robert A. Dalzell, Inc. ("Dalzell"), pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 2201-2202, states as follows:

## <u>PARTIES</u>

1. Plaintiff, Zurich American Insurance Company, is a New York corporation engaged in the insurance business with a statutory home office in New York, and a principal place of business in Illinois. It is authorized to transact business and has transacted business in Florida.

2. Effective December 31, 2015, Maryland Casualty Company, a Maryland corporation with its principal place of business in Illinois, was merged into Zurich American Insurance Company. As a result of that transaction, Zurich American Insurance Company is the

successor by merger to Maryland Casualty Company. Zurich American Insurance Company, as successor by merger to Maryland Casualty Company, is referred to herein as "Zurich."

3.  Defendant, European Tile and Floors, Inc. ("European") is a Florida corporation with its principal place of business in Tampa, Florida. An individual named Mark Ellis ("Ellis"), the principal shareholder and operator of European, was at all pertinent times, to and including the present date, a Florida domiciliary. Ellis received a discharge by the U.S. Bankruptcy Court for the Middle District of Florida for all liability arising from the underlying action giving rise to this lawsuit. As a result of that bankruptcy discharge, Ellis is not now named as a party to this action.

4.  Defendant, Robert A. Dalzell, Inc. ("Dalzell") is a Florida corporation with its principal place of business in Tampa, Florida.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Zurich and Defendants European and Dalzell, and the amount in controversy exceeds $75,000, excluding interest and costs.

6.  Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because all events giving rise to this litigation occurred in this jurisdiction.

## THE UNDERLYING ACTION

7.  On August 28, 2009, Dalzell filed a putative class action complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, against European and Ellis, alleging on behalf of all persons (1) who within four years prior to the date of suit (August 28, 2005-August 28, 2009), (2) were sent telephone facsimile messages of material advertising the property, goods or services of defendants European and Ellis, (3) with whom they did not

have prior express permission, and (4) with whom they did not have an established business relationship (the "Underlying TCPA Action"). The Complaint alleged causes of action for: (1) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and (2) conversion. Dalzell, the only named plaintiff, alleged that it received an unauthorized fax sent on behalf of European and Ellis on June 22, 2006.

8. Although the Complaint in the Underlying TCPA Action was served on European and Ellis on September 3, 2009, neither European nor Ellis filed an answer until over two years later, on November 7, 2011.

9. On March 10, 2011, Dalzell filed a motion seeking the certification of a class as pled in its Complaint. In support of its motion for class certification, Dalzell contended that: (1) European hired a fax broadcaster, known as Business to Business Solutions ("BTB"), in June 2006 for its fax blasting services; (2) on June 22, 2006, BTB faxed a one-page advertisement on behalf of European and Ellis to 6,000 fax numbers in the Tampa/St. Petersburg area for a cost of $422; and (3) only 4,290 of the 6,000 faxes were successfully received.

10. Upon information and belief, neither European nor Ellis filed any brief in opposition to Dalzell's motion seeking class certification.

11. After conducting hearings, on November 4, 2011, the Court entered an order granting Dalzell's motion and certifying the class as sought by Dalzell.

12. Following the Court's certification of a class, twelve class members opted-out, leaving a total of 4,278 class members.

13. On or about March 5, 2014, Dalzell filed a motion for summary judgment against European and Ellis requesting that the Court enter judgment in favor of the Class that European and Ellis violated the TCPA and committed the common law tort of conversion, and that it be

awarded liquidated statutory damages of $500 per violation for each of the 4,289 unsolicited facsimile advertisements, as well as treble damages of $1,500 per fax, in addition to prejudgment interest.

14. On March 10, 2014, Dalzell filed an amended motion for summary judgment, which corrected the number of unsolicited facsimile advertisements to 4,278.

15. Upon information and belief, neither European nor Dalzell filed any brief in opposition to Dalzell's motion for summary judgment or its amended motion for summary judgment.

16. On or about June 9, 2015, the Court granted Dalzell's amended motion for summary judgment, finding that European and Ellis violated the TCPA and committed conversion. The Court entered judgment in the amount of $2,139,000, calculated based on 4,278 fax recipients multiplied by $500 (the monetary award per fax under the TCPA). The Court also awarded prejudgment interest, but the order did not specify the amount.

17. On July 9, 2015, the Court entered a final judgment against only European – and not Ellis – for $2,139,000, plus $909,975.60 in prejudgment interest, and costs in an unspecified amount (the "Final TCPA Judgment").

18. Upon information and belief, on or about August 19, 2013, Ellis had personally filed for bankruptcy protection in the U.S. Bankruptcy Court for the Middle District of Florida, and the Underlying TCPA Action was identified as an unsecured non-priority claim against him.

19. On April 24, 2014, Ellis' bankruptcy case was discharged, which upon information and belief, is why the Final TCPA Judgment was entered against only European.

20. European never pursued any appeal in the Underlying TCPA Action or otherwise sought to contest the Final TCPA Judgment entered in that case.

131331651v1 0983772

21. European and Ellis never provided notice of the Underlying TCPA Action to Zurich or otherwise sought coverage from Zurich under the Zurich policies.

22. European and Ellis also never provided notice of the Underlying TCPA Action to their insurance agent, Gulf Coast Underwriters.

23. Zurich's first notice of the Underlying TCPA Action was the service of a declaratory judgment lawsuit on it by Dalzell in February 2016 in the Circuit Court of Cook County, Illinois.

24. There is no factual or legal connection between the Circuit Court of Cook County, Illinois to European, Ellis, Dalzell, the alleged fax blasting, the Underlying TCPA Action, and the Zurich policies.

25. By letter dated February 29, 2016, served by hand delivery and certified mail, Zurich advised European and Ellis that Zurich had received its first notice of the Underlying TCPA Action earlier that month by way of receipt of service of the complaint in Dalzell's declaratory judgment action. The letter stated that Zurich fully reserved all its rights as to the insureds' compliance with all contractual and common law conditions to coverage under the insurance policies issued by Zurich and that the Final TCPA Judgment may not be within the policy coverage. Zurich requested that the insureds take immediate action to vacate the Final TCPA Judgment and/or appeal the order entering it. Zurich also stated it was prepared to appoint mutually agreeable defense counsel to represent European's interests to attempt to vacate the Final TCPA Judgment. The letter requested that European and Ellis contact Mr. Adam McCabe of Zurich immediately, or by March 9, 2016. A true and correct copy of the February 29, 2016 letter is attached hereto as Exhibit A.

26. On March 7, 2016, Ellis contacted Mr. McCabe of Zurich. Ellis stated that there was no need for Zurich to appoint defense counsel to attempt to vacate or appeal the Final TCPA Judgment under the circumstances. Ellis also admitted that he had no written record of providing notice of the Underlying TCPA Action to Zurich or any other documentation evidencing that Zurich had been advised of the matter.

## THE ZURICH POLICIES

27. Maryland Casualty Company (now Zurich) issued four policies of primary commercial general liability insurance and umbrella liability insurance to European as the named insured that were in effect: July 18, 2005 to July 18, 2006; July 18, 2006 to July 18, 2007; July 18, 2007 to July 18, 2008; and July 18, 2008 to February 17, 2009 (collectively, the "Zurich policies"). Each primary policy is subject to a $1 million limit for personal and advertising injury, $1 million each occurrence, and $3 million general aggregate. Each umbrella policy is subject to a limit of $1 million each occurrence and in the aggregate.

28. The Zurich primary policies contain the following relevant language in their insuring agreements for Coverage A, bodily injury and property damage liability:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

    (2)    The "bodily injury" or "property damage" occurs during the policy period.

29.    The Zurich primary policies are subject to the following exclusion for Coverage A, Bodily Injury and Property Damage:

    2.    Exclusions

This insurance does not apply to:

    a.    Expected Or Intended Injury

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

30.    The Zurich primary policies contain the following relevant language in their insuring agreement for Coverage B, personal and advertising injury liability:

    1.    Insuring Agreement

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply....

    b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

31.    The Zurich primary policies are subject to the following exclusion for Coverage B, personal and advertising injury liability:

    2.    Exclusions

This insurance does not apply to:

    a.    "Personal and advertising injury":

    (1)    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

131331651v1 0983772

32. The Zurich primary policies effective July 18, 2007 to July 18, 2008 and July 18, 2008 to February 17, 2009 are subject to the following exclusion:

> A. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A - Bodily Injury And Property Damage Liability:
>
> 2. Exclusions
>
> This insurance does not apply to:
>
> DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES
>
> "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> > a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
> >
> > b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
> >
> > c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.
>
> B. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Personal And Advertising Injury Liability:
>
> 2. Exclusions
>
> This insurance does not apply to:
>
> DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES
>
> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> > a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
> >
> > b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

  c.  Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

33. The Zurich primary policies are subject to the following conditions:

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

      \*   \*   \*

  b.  If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and
    (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c.  You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2) Authorize us to obtain records and other information;

    (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d.  No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our prior consent.

The Zurich umbrella policies are subject to substantially the same policy condition language as the Zurich primary policies.

34. The Zurich primary policies are subject to the following definitions:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services,

   e. Oral or written publication of material that violates a person's right of privacy,

   f. Misappropriation of advertising ideas or style of doing business; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

   \*  \*  \*

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

35. Each of the Zurich umbrella policies states that it applies in excess of the "retained limit," defined as an amount equal to the applicable limit of insurance for "underlying insurance" which includes the Zurich primary policies.

36. Each of the Zurich umbrella policies is subject to the following exclusion:

This insurance does not apply to:

Violation of Communication or Information Law

A) "Bodily injury," "property damage" or "personal and advertising injury" resulting from or arising out of any actual or alleged violation of:

1) the federal Telephone Consumer Protection Act (47 U.S.C. § 227), Drivers Privacy Protection Act (18 U.S.C. § 2721-2725) or Controlling the Assault of Non-Solicited Pornography and Marketing Act (15 U.S.C. § 7701, et seq.); or

2) any other federal, state or local statute, regulation or ordinance that imposes liability for the:

  a) Unlawful use of telephone, electronic mail, internet, computer, facsimile machine or other communication or transmission device; or

  b) Unlawful use, collection, dissemination, disclosure or re-disclosure of personal information in any manner

by any insured or on behalf of any insured.

## COUNT I:
## BREACH OF CONTRACT AGAINST EUROPEAN

37. Zurich incorporates by reference paragraphs 1 through 36 above, as though fully restated herein.

38. The Zurich primary policies and the Zurich umbrella policies are contracts between European and Zurich, subject to all contractual terms, provisions, exclusions and conditions. As a purported judgment creditor, Dalzell's rights under the Zurich policies are limited or precluded to the extent European breached the policies.

39. The Zurich primary policies and the Zurich umbrella policies require the insureds – European and Ellis – to provide written notice of a lawsuit to Zurich as soon as practicable.

40. The Zurich primary policies and the Zurich umbrella policies also require the insureds to immediately send copies to Zurich of all demands, notices, summonses or legal papers received in connection with the suit.

131331651v1 0983772

41. European and Ellis also were and are contractually required under the terms of the Zurich primary policies and the Zurich umbrella policies to cooperate with Zurich in the investigation, settlement, and defense of a lawsuit.

42. European and Ellis also were and are contractually required to not make any payment, assume any obligation, or incur any expense without the prior consent of Zurich.

43. European and Ellis breached the terms of the Zurich primary policies and the Zurich umbrella policies in each of the following ways:

    a. They never provided written notice to Zurich of the Underlying TCPA Action;

    b. They failed to provide copies to Zurich of any demands, notices, summonses or legal papers received in connection with the Underlying TCPA Action;

    c. They did not file any papers or legal pleadings in its defense of the claims in that case and otherwise cooperate with Zurich in the defense of the Underlying TCPA Action.

    d. They did not defend the claims asserted against them in the Underlying TCPA Action.

    e. They allowed the Final TCPA Judgment to be entered, and did not pursue and appeal of it.

    f. They refused to allow Zurich to appoint defense counsel to seek to vacate and/or appeal the Final TCPA Judgment.

44. By reason of European's breaches, described in paragraphs 43. a.-f., European precluded Zurich from exercising its contract "right to defend."

45. As a direct and proximate result of the breach of the Zurich primary policies and the Zurich umbrella policies by European and Ellis, Zurich has incurred and continues to incur damages, including but not limited to attorneys' fees and costs and other sums.

## COUNT II:
## DECLARATORY JUDGMENT AGAINST EUROPEAN AND DALZELL – NO COVERAGE BASED ON INSUREDS' BREACH OF NOTICE AND COOPERATION CONDITIONS

46. Zurich incorporates by reference paragraphs 1 through 36 above, as though fully restated herein.

47. The Zurich primary policies provide that Zurich has the right and duty to defend suits against the insureds to which the insurance applies.

48. The Zurich primary policies and the Zurich umbrella policies require the insureds to provide written notice to Zurich of a suit as soon as practicable, immediately send Zurich copies of all demands, notices summonses and legal papers in the suit, cooperate with Zurich in the investigation, settlement and defense of the suit, and not assume any obligation or incur any expense without Zurich's prior consent.

49. European and Ellis breached the conditions of the Zurich primary policies and the Zurich umbrella policies in each of the following ways:

    a. They never provided written notice to Zurich of the Underlying TCPA Action;

    b. They failed to provide copies to Zurich of any demands, notices, summonses or legal papers received in connection with the Underlying TCPA Action;

    c. They did not file any papers or legal pleadings in its defense of the claims in that case and otherwise cooperate with Zurich in the defense of the Underlying TCPA Action.

    d. They did not defend the claims asserted against them in the Underlying TCPA Action.

    e. They allowed the Final TCPA Judgment to be entered, and did not pursue and appeal of it.

    f. They refused to allow Zurich to appoint defense counsel to seek to vacate and/or appeal the Final TCPA Judgment.

131331651v1 0983772

50. As a result of the insureds' failure to comply with the conditions of the Zurich primary policies and the Zurich umbrella policies, Zurich has been prejudiced and faces potential liability for the Final TCPA Judgment, subject to various defenses. Accordingly, Zurich has no coverage obligation under the Zurich primary policies and the Zurich umbrella policies for the Underlying TCPA Action.

51. There exists an actual and justiciable controversy concerning the respective rights, duties and obligations of Zurich and its insureds under the Zurich primary policies and the Zurich umbrella policies as to any duty to defend or indemnify the Underlying TCPA Action. Therefore, a judicial declaration is necessary and appropriate.

## COUNT III:
## DECLARATORY JUDGMENT AGAINST EUROPEAN AND DALZELL – NO COVERAGE OBLIGATION BASED ON VIOLATION OF STATUTES EXCLUSION

52. Zurich incorporates by reference paragraphs 1 through 36 above, as though fully restated herein.

53. The Zurich primary policies effective July 18, 2007 to July 18, 2008 and July 18, 2008 to February 17, 2009 are subject to a Distribution of Material in Violation of Statutes Exclusion, precluding coverage for "bodily injury," "property damage" and "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA and any statute, ordinance or regulation that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

54. The Complaint in the Underlying TCPA Action asserted claims against European and Ellis for violation of the TCPA based on the transmission of unsolicited facsimile

advertisements to Dalzell and class members. It also alleged that they committed conversion based on the same acts of sending the unsolicited facsimile advertisements.

55. The Final TCPA Judgment entered against European was calculated based on the number of unauthorized facsimile advertisements received by the class members multiplied by the $500 TCPA statutory award, along with prejudgment interest.

56. The Distribution of Material in Violation of Statutes Exclusion in the Zurich primary policies effective July 18, 2007 to July 18, 2008 and July 18, 2008 to February 17, 2009 bars any duty to defend or to indemnify European and Ellis against the claims in the Complaint in the Underlying TCPA Action

57. Accordingly, Zurich has no coverage obligation to European and Ellis in the Underlying TCPA Action under the Zurich primary policies effective July 18, 2007 to July 18, 2008 and July 18, 2008 to February 17, 2009.

58. There exists an actual and justiciable controversy concerning the respective rights, duties and obligations of Zurich and its insureds under the Zurich primary policies effective July 18, 2007 to July 18, 2008 and July 18, 2008 to February 17, 2009 as to any duty to defend or indemnify the Underlying TCPA Action. A judicial declaration is thus necessary and appropriate.

### COUNT IV: DECLARATORY JUDGMENT AGAINST EUROPEAN AND DALZELL – NO COVERAGE BASED ON VIOLATION OF COMMUNICATION OR INFORMATION LAW EXCLUSION

59. Zurich incorporates by reference paragraphs 1 through 36 above, as though fully restated herein.

60. The Zurich umbrella policies are subject to a Violation of Communication or Information Law Exclusion, precluding coverage for "bodily injury," "property damage" and

"personal and advertising injury" resulting from or arising out of any actual or alleged violation of the TCPA and any statute, regulation, or ordinance that imposes liability for the unlawful use of telephone, facsimile machine or other communication or transmission device.

61. The Complaint in the Underlying TCPA Action asserted claims against European and Ellis for violation of the TCPA based on the transmission of unsolicited facsimile advertisements to Dalzell and class members. It also alleged that they committed conversion based on the same acts of sending the unsolicited facsimile advertisements.

62. The Final TCPA Judgment entered against European was calculated based on the number of unauthorized facsimile advertisements received by the class members multiplied by the $500 TCPA statutory award, along with prejudgment interest.

63. Accordingly, the Violation of Communication or Information Law Exclusion in the Zurich umbrella policies bars coverage for the Underlying TCPA Action, including any duty to defend European and Ellis, any duty to indemnify European, and any obligation to pay indemnity on its behalf to Dalzell for the Final TCPA Judgment.

64. Zurich therefore has no coverage obligation for the Underlying TCPA Action under the Zurich umbrella policies.

65. There exists an actual and justiciable controversy concerning the respective rights, duties and obligations of Zurich, European, and Dalzell under the Zurich umbrella policies for the Underlying TCPA Action. A judicial declaration is thus necessary and appropriate.

131331651v1 0983772

## COUNT V:
## DECLARATORY JUDGMENT AGAINST EUROPEAN AND DALZELL – NO DUTY TO INDEMNIFY BASED ON NO PROPERTY DAMAGE OR PERSONAL AND ADVERTISING INJURY
## CAUSED BY AN OFFENSE DURING THE POLICY PERIOD

66. Zurich incorporates by reference paragraphs 1 through 36 above, as though fully restated herein.

67. Each of the Zurich primary policies and the Zurich umbrella policies requires that the "property damage" take place during the policy period.

68. Each of the Zurich primary policies and the Zurich umbrella policies requires that the "personal and advertising injury" be caused by an offense arising out of the insured's business and that the offense was committed during the policy period.

69. All of the alleged fax blasting by European and Dalzell took place on June 22, 2006.

70. The Final TCPA Judgment entered against European was calculated based on the number of unauthorized facsimile advertisements received by the class members on June 22, 2006, multiplied by the $500 TCPA statutory award, along with prejudgment interest.

71. There is no coverage under the Zurich primary policies and Zurich umbrella policies effective July 18, 2006 to July 18, 2007, July 18, 2007 to July 18, 2008, and July 18, 2008 to February 17, 2009 because any "property damage" or "personal and advertising injury" caused by an offense did not take place during that policy period.

72. Zurich therefore has no duty to indemnify European or pay indemnity on its behalf to Dalzell for the Final TCPA Judgment under the Zurich primary policies and Zurich umbrella policies effective July 18, 2006 to July 18, 2007, July 18, 2007 to July 18, 2008, and July 18, 2008 to February 17, 2009.

73. There exists an actual and justiciable controversy concerning the respective rights, duties and obligations of Zurich, European, and Dalzell under Zurich primary policies and Zurich umbrella policies effective July 18, 2006 to July 18, 2007, July 18, 2007 to July 18, 2008, and July 18, 2008 to February 17, 2009 as to any duty to pay indemnity for the Final TCPA Judgment. A judicial declaration is thus necessary and appropriate.

WHEREFORE, Plaintiff, Zurich American Insurance Company, as successor by merger to Maryland Casualty Company, respectfully requests judgment on its Complaint as follows:

1. On Count I of this Complaint, that this Court determine that European and Ellis breached the terms of the Zurich primary policies and the Zurich umbrella policies and that European is liable to Zurich for damages caused by that breach of contract.

2. On Count II of this Complaint, that this Court determine and declare that Zurich has no coverage obligation for the Underlying TCPA Action under the Zurich primary policies and the Zurich umbrella policies based on European's and Ellis' breach of the notice and cooperation conditions of the policies.

3. On Count III of this Complaint, that this Court determine and declare that Zurich has no coverage obligation for the Underlying TCPA Action based on the Distribution of Material in Violation of Statutes Exclusion in the Zurich primary policies effective July 18, 2007 to July 18, 2008 and July 18, 2008 to February 17, 2009.

4. On Count IV of this Complaint, that this Court determine and declare that Zurich has no coverage obligation for the Underlying TCPA Action under the Zurich umbrella policies based on the Violation of Communication or Information Law Exclusion.

5. On Count V of this Complaint, that this Court determine and declare that Zurich does not owe a duty to indemnify European and/or pay indemnity on its behalf to Dalzell under

the Zurich primary policies and Zurich umbrella policies effective July 18, 2006 to July 18, 2007, July 17, 2007 to July 17, 2008, and July 17, 2008 to February 17, 2009 because any "property damage" or "personal and advertising injury" caused by an offense did not take place during that policy period.

6.   That this Court award Zurich such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Zurich American Insurance Company, as successor by merger to Maryland Casualty Company, demand a trial by jury on all issues so triable.

Dated this March 24, 2016

                                    HINSHAW & CULBERTSON LLP

                                    s/Kristina L. Marsh
                                    Kristina L. Marsh, Esquire
                                    Florida Bar No. 0311080
                                    Robert K. Tucker II
                                    Florida Bar No. 51641
                                    kmarsh@hinshawlaw.com
                                    rtucker@hinshawlaw.com
                                    100 South Ashley Drive, Suite 500
                                    Tampa, FL  33602
                                    Telephone:  813-276-1662
                                    Facsimile:  813-276-1956
                                    *Counsel for Plaintiff*

Of Counsel:
Michael M. Marick, Esquire
Karen M. Dixon, Esquire
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
Phone: (312) 704-3663

131331651v1 0983772