```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

ZURICH AMERICAN INSURANCE
COMPANY, as successor by
merger to MARYLAND CASUALTY
COMPANY,

    Plaintiff,

v.                                  Case No. 8:16-cv-729-T-33AAS

EUROPEAN TILE AND FLOORS, INC.,
and ROBERT A. DALZELL, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Robert A. Dalzell, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, to Dismiss or Stay Pursuant to the Wilton/Brillhart Abstention Doctrine (Doc. # 42), which was filed on May 19, 2016. Plaintiff Zurich American Insurance Company filed a response in opposition to the Motion (Doc. # 44) on June 1, 2016. For the reasons set forth below, the Court denies the Motion.

**I.  Background**

Plaintiff Zurich initiated this action for breach of contract and declaratory judgment on March 24, 2016 (Doc. #

1), and filed an Amended Complaint (Doc. # 36) on May 9, 2016. Zurich's Amended Complaint contains five counts alleging:

    I.   Breach of Contract against European;
    II.  Declaratory Judgment against European and Dalzell- No Coverage based on Insureds' Breach of Notice and Cooperation Conditions;
    III. Declaratory Judgment against European and Dalzell- No Coverage Obligation based on Violation of Statutes Exclusion;
    IV.  Declaratory Judgment against European and Dalzell- No Coverage based on Violation of Communication or Information Law Exclusion; and
    V.   Declaratory Judgment against European and Dalzell- No Duty to Indemnify based on No Property Damage or Personal and Advertising Injury caused by an Offense during the Policy Period

(Id. at 11, 13, 14, 15, 17).

On May 19, 2016, Dalzell filed the instant Motion. (Doc. # 42). Dalzell asserts that this Court lacks subject matter jurisdiction because the $75,000.00 minimum amount in controversy requirement of 28 U.S.C. § 1332(a) is not satisfied. (Id. at 4-5). Dalzell further argues that even if the $75,000.00 jurisdictional threshold is met, this Court should dismiss or stay the case under the Wilton/Brillhart abstention doctrine because, "this action involves only issues of state law and was filed while a suit in state court . . . over the same . . . issues was . . . pending." (Id.) Zurich on the other hand, counters that the amount in controversy requirement is met and that "Dalzell does not

2

meet its burden of establishing any exceptional circumstances warranting this Court's abstention." (Doc. # 44).

## II. Legal Standard

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6), Fed. R. Civ. P., does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.

3

1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### III. Analysis

#### A. Amount in Controversy

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). "'[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.'" S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)).

The general rule is that, "if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction." Morrison, 228 F.3d at 1262. "However, there are situations in which multiple plaintiffs have a unified, indivisible interest in some common fund that is the object of litigation, permitting them to . . . 'aggregate' their individual stakes to reach the amount in controversy threshold." Id. Also, the aggregation rule does

4

not apply when, "'several plaintiffs unite to enforce a single title or right, in which they have a *common and undivided interest*.'" Id. (quoting Zahn v. Int'l Paper Co., 414 U.S. 291, 295 (1973)). This aggregation rule applies to cases in which multiple plaintiffs seek to merge their claims against one defendant. Id.

Zurich asserts that there is a single dispute regarding insurance coverage for the $3,048,975.60 judgment against European. This Court finds that because one plaintiff, Zurich, is suing European and Dalzell over a single dispute regarding coverage for a $3,048,975.60 judgment, the aggregation rule does not apply. Therefore, the $75,000.00 minimum amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. The Court accordingly denies the Motion to Dismiss insofar as it argues a lack of subject matter jurisdiction.

**B. Abstention**

Dalzell also asserts that the Wilton/Brillhart abstention doctrine is appropriate in this case. (Doc. # 42 at 4). Zurich maintains that the Court should exercise jurisdiction over this case and does not request utilization of any abstention doctrine. That said, Zurich asserts that, should the Court consider any abstention doctrine, the

5

Colorado River abstention doctrine is the applicable doctrine. (Doc. # 44 at 8). For the reasons that follow, this Court finds that the guiding factors from Colorado River are proper for deciding whether to abstain. But, ultimately determines that it is not appropriate to abstain from exercising jurisdiction over this case.

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." Wilton v. Seven Falls Co., 515 U.S. 277, 284 (1995) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817-18 (1976)). However, the Court in Colorado River determined that a district court may abstain from exercising jurisdiction over a suit in "exceptional circumstances." 424 U.S. at 818. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Id. at 813.

Also, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." Id. at 817 (internal citations omitted). But "[a]s a threshold matter, a federal court may abstain under the Colorado River doctrine only if there is a parallel state action, which is one involving substantially the same parties and substantially

6

the same issues." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1140 (11th Cir. 2013) (quoting Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1330 (11th Cir. 2004)). The Eleventh Circuit has cautioned that "dismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources." Noonan S., Inc. v. Volusia Cty., 841 F.2d 380, 383 (11th Cir. 1988).

In the context of declaratory judgment actions, the Wilton Court stated, "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of Colorado River . . . ." 515 U.S. at 286.

While the parties have not cited any Eleventh Circuit decision directly on point, nor has the Court's independent research uncovered any, when a complaint contains both declaratory and non-declaratory judgment claims, courts have relied on the principles of Colorado River, as opposed to Wilton/Brillhart. See, e.g., State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C., 9 F. Supp. 3d 1303, 1309 (M.D. Fla. 2014) (holding that the more stringent Colorado River abstention doctrine should be applied in the

context of mixed claims). Several circuit courts have also held that the Colorado River doctrine applies in cases involving both declaratory and nondeclaratory claims. See VonRosenberg v. Lawrence, 781 F.3d 731, 735 (4th Cir. 2015)(holding that Colorado River, not Brillhart/Wilton, must guide a court's decision to abstain from adjudicating complaints alleging claims for both declaratory and nondeclaratory relief); New England Ins. Co. v. Barnett, 561 F.3d 392, 395 (5th Cir. 2009)(stating when an action contains both a claim for declaratory relief and a claim for coercive relief, Colorado River applies).

Thus, the Court applies the Colorado River abstention doctrine rather than the Wilton/Brillhart doctrine in the instant case. And, under the Colorado River doctrine, abstention is not appropriate here. To begin, the Court agrees with Zurich that the Illinois case and present case are not parallel. Where Jackson-Platts requires "substantially the same parties and substantially the same issues," this action involves different parties and different claims from those involved in the Illinois case. 727 F.3d at 1140. This action involves European, a party not present in the Illinois suit, and also an additional claim for breach of contract. (Doc. # 44 at 14). However, even if the Court were to find that the

8

present case and the Illinois case are parallel proceedings, abstention under Colorado River would, nevertheless, still be improper.

The Colorado River doctrine requires six factors to be considered by federal courts when determining whether abstention in favor of a concurrent state proceeding is appropriate:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

TranSouth Fin. Corp. v. Bell, 149 F.3d 1292, 1294-95 (11th Cir. 1998) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16-26 (1983)). "The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990).

The first Colorado River factor considers the order in which the courts assumed jurisdiction over property. There is no real property at issue in this case. "[W]here there is no

9

real property at issue, this factor does not favor abstention." Jackson-Platts, 727 F.3d at 1141 (internal citation omitted).

The second factor considers the relative inconvenience of the fora. This factor concerns "the inconvenience of the federal forum and focuses 'primarily on the physical proximity of the federal forum to the evidence and witnesses.'" Id. (quoting Ambrosia Coal, 368 F.3d at 1332). European's employees and agents, who will be key witnesses to Zurich's case, are located only in Florida. Also, Dalzell, who represents the class action suit, and all of the represented persons, are Florida residents. Thus, this factor weighs against abstention.

Under the third factor, the Court asks which forum acquired jurisdiction first. What is important here is not so much "which complaint was filed first, but rather . . . how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21. The Illinois state action was filed first according to both parties, but Zurich contends that this suit has progressed much further than the Illinois case. This Court has conducted a Case Management Hearing, mediation has been scheduled, Zurich has moved to default European, and Rule 26 disclosures have been filed. In contrast, to this

10

Court's knowledge, the only activity in the Illinois action has been Zurich moving to dismiss the case. (Doc. # 44 at 12). This factor, therefore, weighs against abstention.

The fourth factor to consider is the desire to avoid piecemeal litigation. This factor does not favor abstention "unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." Ambrosia Coal, 368 F.3d at 1333. Also, "this factor does not favor abstention when litigation is 'inevitably piecemeal.'" Jackson-Platts, 727 F.3d at 1142 (quoting Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1525 (11th Cir. 1984)). The Court is not convinced that exercising jurisdiction over the present action will lead to litigation that is abnormally excessive or deleterious. The fourth factor thus does not favor abstention.

The fifth Colorado River factor considers whether federal law or state law provides the rule of decision. Even if state law is applied, "this factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve." Jackson-Platts, 727 F.3d at 1143 (quoting Am. Bankers, 891 F.2d at 886). Both parties have agreed that Florida law will apply in this case.

11

(Doc. # 44 at 12; Doc. # 38 at 33). Additionally, issues of breach of contract in insurance disputes are not particularly complex, and federal courts routinely hear these cases. See Pa. Nat. Mut. Cas. Ins. Co. v. St. Catherine of Siena Par., 790 F.3d 1175 (11th Cir. 2015); Pub. Risk Mgmt. of Fla. v. One Beacon Ins. Co., 569 Fed. Appx. 865 (11th Cir. 2014); Royal Surplus Ins. Co. v. Coachman Indus., Inc., 184 Fed. Appx. 894 (11th Cir. 2006). Therefore, this factor weighs against abstention.

The sixth factor concerns whether the Illinois state court will adequately protect the rights of all parties. "The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral." Noonan S., 841 F.2d at 383; accord Ambrosia Coal, 368 F.3d at 1334 ("This factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights.") The federal forum is not inadequate to protect the rights of the parties and thus, the final factor is neutral and does not weigh in favor of abstention.

Because none of the Colorado River factors weigh in favor of abstention, and because the Illinois case and present case are not parallel, this Court declines to abstain.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, to Dismiss or Stay pursuant to the Wilton/Brillhart Abstention Doctrine (Doc. # 42) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 22nd day of June, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE