UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ZURICH AMERICAN INSURANCE COMPANY, as successor by merger to MARYLAND CASUALTY COMPANY,**

    **Plaintiff,**

v.                                                                                      Case No.: 8:16-cv-729-T-33AAS

**EUROPEAN TILE AND FLOORS, INC. and ROBERT A. DALZELL, INC.,**

    **Defendants.**

_____/

## ORDER

Before the Court are Defendant Robert Dalzell, Inc.'s Motion for Leave to Extend the Discovery Period to February 28, 2017 to Depose Eric L. Samore and Zurich American Insurance Company's Opposition to Robert A. Dalzell, Inc.'s Motion for Leave to Extend the Discovery Period to February 28, 2017 to Depose Eric L. Samore. (Docs. 58, 60).

**A.     BACKGROUND**

Plaintiff Zurich American Insurance Company brought this action against Defendants for breach of contract and declaratory judgment. (Doc. 36). On May 2, 2016, the Honorable Virginia M. Hernandez Covington, United States District Judge, entered a Case Management and Scheduling Order ("CMSO"), which set forth the following case deadlines: expert disclosures due by October 7, 2016 (Plaintiff) and October 21, 2016 (Defendants), discovery deadline of December 9, 2016, summary judgment deadline of January 31, 2017, and a July 2017 trial term. (Doc. 34).

On September 26, 2016, Plaintiff filed an unopposed motion to enlarge the deadlines for disclosure of the parties' expert reports. (Doc. 53). This Court granted the motion on September

1

27, 2016, and set forth the following deadlines: disclosure of expert reports due by December 16, 2016 (Plaintiff) and December 30, 2016 (Defendants), and completion of expert depositions by January 20, 2017. (Doc. 54). Plaintiff timely disclosed the expert report of Eric L. Samore on December 16, 2016. (Doc. 60, p. 4). Defendants did not identify any experts. (*Id.*).

On January 30, 2017, ten days after the deadline for completion of expert depositions and on the eve of the summary judgment deadline, Defendant Robert A. Dalzell, Inc. ("Defendant Dalzell") issued a deposition notice, along with the Rule 45 Subpoena and its attached six-page Rider listing documents for production by Mr. Samore. (Doc. 60, Ex. A). The deposition was noticed to take place on February 21, 2017 in Chicago, Illinois. (Doc. 60, Ex. A). The following day, Plaintiff timely filed its motion for summary judgment. (Doc. 57).

On February 6, 2017, Defendant Dalzell filed the instant Motion for Leave to Extend the Discovery Period to February 28, 2017 to Depose Eric L. Samore ("Motion to Extend Discovery").[1] (Doc. 58). On February 10, 2017, as directed by the Court, Plaintiff filed an opposition to the Motion to Extend Discovery. (Docs. 59, 60). Accordingly, this matter is now ripe for review.

## II.   ANALYSIS

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a

---

[1] The Court notes that Defendant Dalzell's Motion to Extend Discovery fails to comply with Local Rule 3.01(g), M.D. Fla., and this, in and of itself, is grounds for denial. (Doc. 34, p. 24) ("The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate."). In addition, not only did counsel fail to confer with opposing counsel with respect to this motion, the deposition at issue was unilaterally set. (Doc. 60, Ex. B). The Court will not tolerate the practice of counsel unilaterally setting depositions. Although the Court's analysis could end here, the Court will address to the merits of the Motion to Extend Discovery.

2

specified time, the court may, for good cause, extend the time[.]"). In addition, because Defendant Dalzell's Motion to Extend Discovery was filed after the expiration of the deadline, it is also required to demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Because Defendant Dalzell cannot show good cause or excusable neglect, the Court denies the Motion to Extend Discovery.

A.   **Good Cause**

The CMSO entered in this action specifically addresses the "good cause" requirement as follows: "Failure to complete discovery within the time established by this Order shall not constitute cause for continuance." (Doc. 34, p. 5). In addition, Local Rule 3.09(b), M.D. Fla., permits the Court to extend a discovery deadline only when it is "not the result of lack of diligence in pursuing such discovery."

Here, the sole reason that Defendant Dalzell did not timely schedule Mr. Semore's deposition is that counsel "failed to calendar" the January 20, 2017 deadline. (Doc. 58, p. 2). However, Defendant Dalzell was fully aware of Mr. Semore's timely disclosed expert report and apparently even addressed it at the mediation on December 20, 2016. (Doc. 60, p. 4). In addition, even though counsel forgot to calendar the January 20, 2017 deadline, the summary judgment deadline was rapidly approaching. Thus, Defendant Dalzell should have been diligent in completing discovery in anticipation of that deadline. Therefore, Defendant Dalzell cannot demonstrate diligence in pursuing discovery. *See, e.g., Rumbough v. Experian Info. Solutions, Inc.*, No. 6:12-cv-811, 2013 WL 11325232, *2 (M.D. Fla. Oct. 4, 2013); *Homes & Land Affiliates, LLC v. Homes & Loans Magazine LLC*, No. 6:07-cv-1051, 2008 WL 4186989, *1 (M.D. Fla. Sept. 8, 2008).

In light of the foregoing, the Court finds that Defendant Dalzell has not demonstrated good

cause to extend the discovery deadline. Although the Court's analysis could end here, the Court will proceed to discuss the requirement of excusable neglect.

### B.     Excusable Neglect

As stated above, because Defendant Dalzell's Motion to Extend Discovery was brought after the expiration of the discovery deadline, Defendant Dalzell also must establish that it failed to depose Mr. Samore because of "excusable neglect". Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is determined after considering the following four factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Ashmore v. Sec'y, Dept. of Transp.*, 503 Fed. App'x 683, 685-86 (11th Cir. 2013).

With respect to the first factor, the nonmoving party is "prejudiced by additional discovery" where it has "already filed its motion for summary judgment." *Id.* at 686. In addition, where the extension will lead to other pretrial or trial deadlines being modified, courts will find that the second factor also weighs against a finding of excusable neglect. *Wright v. Dyck-O'neal, Inc.*, No. 2:15-cv-249, 2016 WL 3912050, *3 (M.D. Fla. Jun. 27, 2016). Here, Defendant Dalzell issued the deposition notice ten days after the deadline for completion of expert depositions and on the eve of the summary judgment deadline. (Doc. 60, Ex. A). The following day, Plaintiff timely filed its motion for summary judgment. (Doc. 57). Thus, the first two factors weigh in favor of Plaintiff and against an extension of the discovery deadline.

With respect to the third factor, overlooking deadlines and failing to conduct discovery are within the movant's control and do not constitute excusable neglect. *Blake v. Enhanced Recovery Co.*, No. 3:10-cv-1178, 2011 WL 3625594, *2 (M.D. Fla. Aug. 17, 2011). As to the last factor,

good faith is not found where the party is merely ignorant of a court's rules and deadlines. *Wright*, 2016 WL 3912050 at *5. Again, the sole reason that the deposition of Mr. Semore was not timely scheduled and taken is because counsel failed to calendar the discovery deadline. Thus, the third and fourth factors likewise weigh in favor of Plaintiff and against an extension of the discovery deadline.

Therefore, for the foregoing reasons, the Court finds that Defendant Dalzell has not demonstrated excusable neglect warranting an extension of the discovery deadline.

### III.  CONCLUSION

Accordingly and upon consideration, it is **ORDERED** that:

Defendant Robert Dalzell, Inc.'s Motion for Leave to Extend the Discovery Period to February 28, 2017 to Depose Eric L. Samore (Doc. 58) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 16th day of February, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge