UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE COMPANY,
as successor by merger to MARYLAND
CASUALTY COMPANY,

    Plaintiff,
v.                                Case No. 8:16-cv-729-T-33AAS

EUROPEAN TILE AND FLOORS, INC.,
and ROBERT A. DALZELL, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Robert A. Dalzell, Inc.'s Motion in Limine to Bar Evidence of a Requirement of Written, as Opposed to Oral, Notice of Claim (Doc. # 71), which was filed on May 15, 2017. Plaintiff Zurich American Insurance Company filed a Response in Opposition to the Motion on May 30, 2017. (Doc. # 73). The Court denies the Motion as discussed below.

**I.  Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1

(M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the

admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

**II. Analysis**

    **A. Background**

This is an insurance coverage dispute with a unique cast of characters. The case involves three separate lawsuits. In the first lawsuit, Robert A. Dalzell, Inc. sued European (a tile company) and Ellis (owner of European) based on European's sending unsolicited faxes in violation of the Telephone Consumer Protection Act. The first lawsuit ended with the entry of a $2.1 million dollar judgment in favor of Dalzell and against European. However, at the time of the entry of judgment, European was out of business and Ellis was bankrupt. The second lawsuit came about when Dalzell realized that European was insured by Zurich and that the relevant

3

insurance policy potentially covered advertising injuries. Specifically, Robert A. Dalzell, Inc. filed a lawsuit against Zurich in an Illinois state court to collect on the $2.1 million dollar judgment. Thereafter, Zurich initiated the present, third lawsuit in this Court against European and Dalzell seeking a declaration that no coverage exists and a finding that it is not required to pay any monies.

    **B.    Dalzell's Motion in Limine**

Zurich's relevant insurance policy contains the following requirements, including that all claims be submitted in writing:

>  2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit
>
> b.    If a claim is made or "suit" is brought against any insured, you must:
> (1)    Immediately record the specifics of the claim or "suit" and the date received; and
> (2)    Notify us as soon as practicable.
>
> **You must see to it that we receive written notice of the claim or "suit" as soon as practicable.**
>
> c.    You and any other involved insured must:
> (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> (2)    Authorize us to obtain records and other information;
> (3)    Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

>     (4) Assist us, upon our request, in the
>         enforcement of any right against any
>         person or organization which may be
>         liable to the insured because of injury
>         or damage to which this insurance may
>         also apply.
>
> d.  No insured will, except at their own cost,
>     voluntarily make a payment, assume any
>     obligation, or incur any expense, other than
>     for first aid, without our prior consent.

(Doc. # 36 at ¶ 33)(emphasis added).

Neither Ellis nor European provided Zurich with written notice when Dalzell filed the TCPA lawsuit. On this basis, Zurich theorizes that it should not be required to provide any coverage with respect to payment of the multimillion dollar judgment. However, it is Dalzell's theory of the case that Ellis immediately called Zurich when he received Dalzell's complaint, but that a Zurich employee told him that TCPA lawsuits are excluded, essentially denying coverage on the spot.

Zurich filed a Motion for Summary Judgment based on failure to provide proper notice of the claim, but the Court denied the Motion due to the presentation of a genuine issue of material fact. (Doc. ## 57, 76). The Court explained:

> Summary judgment is not appropriate on the issue
> Zurich isolates in the Motion for Summary Judgment
> because there is a genuine dispute of material fact
> regarding when -- if ever -- European provided
> notice of the Dalzell suit to Zurich. Dalzell's

> position is that Ellis provided oral notice to Zurich of the Dalzell suit upon being served with the complaint and without any delay whatsoever. Zurich takes the opposite position -- claiming that European never provided it with notice of the suit, and that Zurich did not receive notice of the lawsuit until years after service of the Complaint and only after entry of the multimillion dollar judgment against its insured. According to Zurich, it was Dalzell, not Ellis or European, that notified Zurich of the underlying TCPA case and, at that point, it was too late to defend. The Court is not in a position to make the necessary credibility determination.

(Doc. # 76 at 15-16).

At this juncture, Dalzell seeks an Order in limine barring Zurich from presenting any evidence to the jury regarding the requirement in its insurance policy of written notice. The Court denies the Motion. Dalzell cites to cases which hold that "one can waive the written notice requirement when the carrier had actual notice of the claim." (Doc. # 71 at 2)(quoting Gay v. Association Cas. Ins. Co., 103 So. 3d 1028, 1031 (Fla. 5th DCA 2012)). However, the mere existence of this legal principal does not provide a basis for precluding Zurich from presenting its theory of the case to the jury. Notably, Dalzell has argued that "any evidence of a written notice requirement would only serve to confuse,

inflame, and prejudice the jury." (Doc. # 71 at 3).[1]  However, the plain terms of the policy are neither confusing, inflammatory, nor prejudicial.  Zurich should be afforded the opportunity to admit evidence of the governing insurance policy to the jury, as this is an insurance coverage dispute. If Dalzell seeks relief based on the theory that Zurich waived a policy provision, Dalzell will have the burden to demonstrate waiver.  The Motion in Limine is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Robert A. Dalzell, Inc.'s Motion in Limine to Bar Evidence of a Requirement of Written, as Opposed to Oral, Notice of Claim (Doc. # 71) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] Dalzell does not reference any Rule of Evidence or case law in support of this contention.