UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY, as successor by merger to
MARYLAND CASUALTY COMPANY,

    Plaintiff,

v.                                                 Case No.: 8:16-cv-729-T-AAS

EUROPEAN TILE AND FLOORS, INC.,
and ROBERT A. DALZELL, INC.

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Zurich American Insurance Company's Motion in Limine (Doc. 72), and Defendant Robert A. Dalzell, Inc.'s response in opposition thereto (Doc. 75).

**I.    BACKGROUND**

This action is an insurance coverage dispute involving three separate lawsuits. In the first lawsuit, Robert A. Dalzell, Inc. ("Dalzell") sued European Tile and Floors, Inc. ("European") and Mark Ellis, the owner of European, based on allegations that European was sending unsolicited faxes in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This first lawsuit ("TCPA Lawsuit") ended with the entry of an over two million dollar judgment in favor of Dalzell and against European and Ellis. However, at the time of the entry of judgment, European was out of business and Ellis had received a bankruptcy discharge.

The second lawsuit was initiated after Dalzell learned that European was insured by Zurich

1

American Insurance Company ("Zurich") and that the insurance policy potentially covered TCPA claims. Dalzell filed the second lawsuit against Zurich in an Illinois state court in an effort to collect on the TCPA Lawsuit judgment. Thereafter, Zurich initiated this third lawsuit in this Court against European and Dalzell. In each of the four counts alleged against Dalzell, Zurich seeks a declaration that no coverage exists and a finding that it is not required to pay under the policy.

On May 15, 2017, Zurich filed the instant motion seeking to exclude three categories of evidence and testimony from trial. (Doc. 72). On May 30, 2017, Dalzell filed a response in opposition to Zurich's Motion. (Doc. 75). Accordingly, this matter is ripe for review.[1]

## II. ANALYSIS

### A. Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prod. Liab. Litig.*, No. 6:06-md-1769-ORL-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998); *see also United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

---

[1] On June 8, 2017, the parties consented to the undersigned's jurisdiction. (Doc. 80). Thereafter, the undersigned conducted a status conference wherein the pretrial conference was scheduled for August 25, 2017, and the trial was scheduled to begin on September 25, 2017. (Doc. 85).

2

**B. Zurich's Motion in Limine**

Zurich seeks an Order to exclude three categories of evidence. Specifically, Zurich seeks to exclude: (1) "[a]ny and all testimony or evidence of a purported telephone call by Mark Ellis of European Tile and Floors, Inc. [] to an unknown telephone number, on an unknown date, to an unknown 'Zurich customer service representative' in which Ellis allegedly provided 'oral notice' of the underlying 'fax blasting' or Telephone Consumer Protection Act [] lawsuit [] and in which Zurich allegedly denied coverage[;]" (2) "[a]ny and all testimony, including by an expert witness, or evidence that Zurich was not prejudiced by European's untimely written notice of the Underlying TCPA Lawsuit[;]" and (3) "[a]ny and all evidence or witnesses not previously produced or disclosed." (Doc. 72).

**1. Ellis's Telephone Call to Zurich**

Zurich's relevant insurance policy contains the following requirements, including that all claims be submitted in writing:

> 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit
>
> b. If a claim is made or "suit" is brought against any insured, you must:
>    (1) Immediately record the specifics of the claim or "suit" and the date received; and
>    (2) Notify us as soon as practicable.
>
> *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
>
> c. You and any other involved insured must:
>    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>    (2) Authorize us to obtain records and other information;
>    (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and
>    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured

3

> because of injury or damage to which this insurance may also apply.
>
> d.  No insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our prior consent.

(Doc. 36, ¶ 33)(emphasis added).

It is undisputed that neither Ellis nor European provided Zurich with written notice when Dalzell filed the TCPA Lawsuit. Ellis, a non-party to this case, explained in his deposition why he did not provide any written notice of the lawsuit to Zurich. Specifically, Ellis testified that he "knew [he] had insurance," and he accordingly "contacted Zurich, who was [his] insurance carrier, and spoke with someone in customer service about the suit, and they referred to the policy and said that [he] wasn't covered under the policy." (Doc. 57-3, Depo. Trans., pp. 21-22). Ellis testified that a Zurich representative, referring to specific pages of the insurance policy, told Ellis over the phone that "fax lawsuits are excluded." (*Id.* at p. 23). Operating under the assumption that no coverage was available, Ellis hired counsel to defend the TCPA Lawsuit, albeit unsuccessfully.

Zurich now seeks an order barring the introduction of any testimony regarding Ellis's alleged telephone call to Zurich in which Zurich allegedly orally denied insurance coverage for fax lawsuits. Zurich claims that "the purported telephone call is inadmissible because it cannot be authenticated and the contents of it are hearsay." (Doc. 72, p. 3).

### a. Authentication

Zurich contends that Ellis's testimony that he called Zurich to orally report Dalzell's claim is inadmissible because it cannot be authenticated under Federal Rule of Evidence 901. Rule 901 states:

> (a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
>
> (b) Examples. The following are examples only—not a complete list—of evidence that satisfies the requirement:
>> . . . .
>> (6) Evidence About a Telephone Conversation. For a telephone conversation, evidence that a call was made to the number assigned at the time to:
>>> . . . .
>>> (B) a particular business, if the call was made to a business and the call was related to business reasonably transacted over the telephone.

Fed. R. Evid. 901.

As Zurich points out, at the time of Ellis's deposition, Ellis did not know the telephone number he called, the name of the person he talked to, the gender of the person he talked to, the date of the call, or other specific information about the call. (Doc. 57-3, Depo. Trans., pp. 22-23, 48, 55-60). The authentication rule, however, does not require such precision. The Eleventh Circuit has held that the "authentication burden . . . is a light one." *Curtis v. Perkins*, 781 F.3d 1262, 1267 (11th Cir. 2015). The proponent of evidence need only make a prima facie showing that the evidence is what the proponent claims it to be. *Id.* Once that light burden is met, the resolution of the evidence's authenticity is left to the fact-finder. *Id.*

Here, Ellis, a policy holder, claims that he called Zurich's customer service center to orally report a claim. Zurich's mass litigation claims specialist, Adam McCabe, testified in his corporate capacity that, in 2009, (at the time of the TCPA Lawsuit), Zurich maintained a call center for Zurich's insureds "to submit [] claim[s] via telephone." (Doc. 57-11, Depo. Trans., pp. 51, 53). Zurich's call center employees used a system called "EZ Access" to set up claims over the telephone. (*Id.* at p. 54). Also, at the relevant time, Zurich accepted claims via fax and email. (*Id.*

5

at p. 57). Thus, the Court concludes that the authenticity burden has been met.

Accordingly, Zurich's Motion in Limine on the basis of authenticity as to the purported telephone call by Ellis to Zurich to report Dalzell's TCPA claim is denied.

### b. Hearsay

Zurich also argues that Ellis's testimony that he called Zurich to orally report Dalzell's claim is inadmissible hearsay. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "The rationale behind the hearsay rule is the untrustworthiness of hearsay statements. Hearsay presents substantial risks of insincerity and faulty narration, memory, and perception." *T. Harris Young & Assoc., Inc. v. Marquette Electronics, Inc.*, 931 F.2d 816, 826 (11th Cir. 1991)(internal citation omitted).

To the extent that Dalzell offers Ellis's statement only for the assertion that Ellis called Zurich to report the TCPA Lawsuit, the occurrence of that phone call is not hearsay. Likewise, to the extent that Dalzell offers Ellis's testimony that a Zurich employee denied coverage over the telephone because TCPA claims were excluded under the policy, it is also not hearsay. In this latter example, Dalzell is not using the alleged testimony of the Zurich employee declarant to prove the truth of the matter asserted—that there is no coverage. On the contrary, Dalzell's position is that there was coverage all along for TCPA claims. *See United States v. Grajales*, 450 Fed. App'x 893, 901 (11th Cir. 2012) ("[A]n out-of-court statement is not hearsay if it is offered for some purpose other than to prove the truth of the matter asserted."). These are just two example—based on the argument in Dalzell's response—of how the Court anticipates Dalzell may seek to elicit testimony about Ellis's telephone call. Rather than explore every possible hypothetical in a

6

preemptive attempt to address admissibility, the Court will be in a better position to address hearsay challenges at trial.

Thus, Zurich's Motion in Limine on the basis of hearsay as to the purported telephone call by Ellis to Zurich is denied at this time but may be revisited at trial, if warranted.

### 2. Testimony Regarding Prejudice to Zurich

Zurich has retained an expert, Eric Samore, Esq., who has opined as to the prejudice that Zurich claims it has suffered based on the alleged non-disclosure of the TCPA Lawsuit. (Doc. 57-5). Specifically, Samore opines that the attorney Ellis and European retained to defend against the TCPA Lawsuit, was inexperienced and did a poor job. (Doc. 57-5, p. 2). In the motion in limine, Zurich requests that the Court prohibit Dalzell from offering testimony, including expert testimony, or evidence that Zurich was not prejudiced by the untimely written notice of the TCPA Lawsuit.

Dalzell responds by explaining that it has not retained an expert witness and it does not intend to rely on lay opinions "regarding lack of prejudice to Zurich." (Doc. 75, p. 7). Dalzell indicates that it instead intends to introduce "*factual* information already on the record" by bringing before the Court "the facts of this case, the decisions actually reached by the court in the Underlying TCPA Lawsuit and the legal authority relied on therein" as well as cross-examining Mr. Samore. (*Id.* at p. 8)(emphasis in original). Zurich has not demonstrated any valid basis for barring Dalzell from introducing factual information and cross-examining Zurich's expert or another witness on the issue of Zurich's alleged prejudice. Therefore, the motion in limine as to this category of evidence is denied.

### 3. Evidence and Witnesses Not Previously Disclosed

Zurich's third request—to exclude any and all evidence or witnesses not previously disclosed—is moot because Dalzell represents that it has no surprise evidence or witnesses.

## III. CONCLUSION

Accordingly, and for the reasons stated above, it is **ORDERED** that Plaintiff Zurich American Insurance Company's Motion in Limine (Doc. 72) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 18 day of August, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge