# EXHIBIT A

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution between Robert A. Dalzell, Inc. ("Dalzell") on behalf of itself and the class of similarly-situated persons (identified and defined below as the "Settlement Class") and Zurich American Insurance Company, as successor by merger to Maryland Casualty Company ("Zurich" or the "Insurer"). The Parties to this Agreement are collectively referred to as the "Parties."

**WHEREAS**, Maryland Casualty Company issued commercial general liability policy number PPS 40901648, to European Tile and Floors, Inc. ("European Tile") that was in effect July 18, 2005 to July 18, 2006 and is subject to a $1 million limit each injured person for personal and advertising injury, $1 million each occurrence for bodily injury and property damage, and $3 million general aggregate;

**WHEREAS**, Dalzell filed a civil action against European Tile on behalf of Dalzell and a putative class of similarly-situated persons, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, case number 11-CA-000731 (the "Underlying Action");

**WHEREAS**, the Underlying Action alleged that European Tile violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C) and the FCC regulations by faxing advertisements without the recipients' prior express invitation or permission;

**WHEREAS**, on November 4, 2011, the court in the Underlying Action certified a class of persons to whom European Tile successfully sent advertising

300430337v1 0983772

faxes in June 2006 (the "Underlying Class") and certified Dalzell as class representative and his attorneys as class counsel;

**WHEREAS**, on July 9, 2015, the court in the Underlying Action entered final judgment in favor of Dalzell and the class and against European Tile in the amount of $2,139,000, plus $909,975.60 in prejudgment interest, plus costs in an unspecified amount (the "Underlying Judgment");

**WHEREAS**, Zurich brought a civil action against European Tile and Dalzell in the U.S. District Court for the Middle District of Florida seeking, among other things, a declaration concerning its obligations, if any, to pay the Underlying Judgment (the "Coverage Lawsuit");

**WHEREAS**, Zurich denies it has any obligation to indemnify European Tile for the Underlying Judgment;

**WHEREAS**, without admitting or conceding fault or liability, Zurich has agreed to settle all disputes regarding European Tile's faxes to the Underlying Class;

**WHEREAS,** the Parties agree to a Settlement Class as defined in the November 4, 2011 Order in the Underlying Action: "All persons who (1) on or after August 28, 2005, (2) were sent telephone facsimile messages advertising the commercial availability of any property, goods, or services by or on behalf of European Tile, (3) with respect to whom European Tile did not have prior express permission or invitation for the sending of such faxes, and (4) with whom European Tile did not have an established business relationship.";

300430337v1 0983772

**WHEREAS**, the Settlement Class includes 4,278 persons who received one of the unsolicited fax advertisements from European Tile;

**WHEREAS**, Zurich has agreed to make available up to $1,000,000.00 (the "Settlement Fund") to settle the Underlying Judgment and the Coverage Lawsuit, with the Settlement Fund being used to pay class members who submit approved claims, to pay attorney's fees to Class Counsel and reimburse certain out of pocket expenses of Class Counsel, including the costs of notifying the Class and administering the settlement through a third party settlement administrator, and to pay an incentive award to the Class Representative;

**WHEREAS**, Class Counsel (identified below) have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties.

**WHEREAS**, this Agreement has been negotiated among the Parties in good faith and at arm's length.

**WHEREFORE**, in consideration of the mutual covenants and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

300430337v1 0983772

1.     <u>Recitals</u>.  The recitals above are incorporated herein and made a part hereof.

2.     <u>For Settlement Only</u>.  This Agreement is entered into for purposes of resolving all disputes between Zurich, Dalzell and all members of the Settlement Class, as defined below. Assertions, statements, and representations herein are for settlement purposes only.  If this Agreement is not finally approved by the Court, then the Parties expressly agree that this Agreement is null and void *ab initio* and may not be used or cited by either party for any reason.

3.     <u>Certification of the Settlement Class</u>.  The Parties hereby stipulate to certification, pursuant to Federal Rule of Civil Procedure 23, of a settlement class defined as follows:  "All persons who (1) on or after August 28, 2005, (2) were sent telephone facsimile messages advertising the commercial availability of any property, goods, or services by or on behalf of European Tile, (3) with respect to whom European Tile did not have prior express invitation or invitation for the sending of such faxes, and (4) with whom European Tile did not have an established business relationship."  Excluded from the Settlement Class are Zurich and European Tile, any parent, subsidiary, affiliate or controlled person of Zurich or European Tile, the officers, directors, agents, servants or employees of Zurich of European Tile, and the judges and staff of the United States District Court for the Middle District of Florida.  The Parties expressly agree to this Settlement Class definition for settlement purposes.

4.      Representation of the Settlement Class.  As in the Underlying Action, Dalzell will be appointed as the "Class Representative" and attorneys Phillip A. Bock of Bock Hatch Lewis & Oppenheim, LLC, Ryan M. Kelly of Anderson + Wanca, and Michael C. Addison of Addison Law Office, P.A. will be appointed as "Class Counsel."

5.      Preliminary Approval.  The Parties will jointly move the Court for the entry of an order preliminarily approving this settlement.  The parties' proposed "Order Preliminarily Approving Settlement and Certifying Settlement Class" ("Preliminary Approval Order") is attached as Exhibit 1.

6.      The Settlement Fund.  Zurich has agreed to make up to $1 million available to pay approved class member claims, an incentive payment to the class representative, attorney's fees and reasonable out of pocket expenses to Class Counsel, and the costs of administering the settlement, to settle this case (the "Settlement Fund").  Zurich will not segregate funds or otherwise create special accounts to hold the Settlement Fund.  Zurich will not relinquish control of any money until payments are due.  Any portion of the Settlement Fund that is not paid on account of approved claims of class members, to the Class Representative, or to Class Counsel shall remain with Zurich.  Zurich shall not be responsible for any payment or obligation other than those specified in this Agreement.

7.      Notice.  Notice of the settlement will be issued to the Settlement Class members previously identified in the Underlying Action.  The Parties will request that the Court approve a "Notice of Class Action Settlement with Attached Proof of

300430337v1 0983772

Claim" in the form attached hereto as Exhibit 2, and request approval to send it by facsimile, and if unsuccessful after three attempts, then by U.S. Mail.

8.   <u>Claim Forms</u>.  Persons within the Settlement Class must submit claim forms to receive their share of the Settlement Fund. Claiming class members within the Settlement Class whose fax number(s) are listed on submitted claim forms must match fax number(s) listed on Biggerstaff's Report. For these claiming class members, any fax number included on a claim form that does not match the fax number listed on Biggerstaff's Report will be rejected without any notice due to the claimant.  After the payments to Class Counsel and to the Class Representative, each member of the Settlement Class who submits a valid claim form within sixty (60) days of the provision of the notice and claim form (the "Claims Due Date") will be paid $233.75 ($1,000,000.00/4,278) per fax successfully sent to them according to the Biggerstaff report.  Any member of the Settlement Class who does not submit a Claim Form within the sixty (60) day time limit, as evidenced by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund.

9.   <u>Incentive Award and Attorneys' Fees</u>.  Zurich has agreed to pay an incentive award to Dalzell from the Settlement Fund.  Class Counsel will request that the Court approve a payment to Dalzell in the amount of $15,000.00 from the Settlement Fund for serving as the class representative.  Zurich will not oppose that request in any way.  Additionally, out of the Settlement Fund, Zurich has agreed to pay Class Counsel attorney's fees equal to 25% of the Settlement Fund, which is

300430337v1 0983772

$250,000.00, plus reasonable out-of-pocket expenses not to exceed $45,000.00. Zurich will not oppose these requests in any way. These awards will be set forth in the Final Approval Order and paid exclusively from the Settlement Fund.

10.     Final Approval.  The preliminary approval order will set a date for a final fairness hearing.  At the final fairness hearing, Dalzell and Zurich will request that the Court enter a final approval order (the "Final Approval Order") in the form attached hereto as Exhibit 3.  The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement.

11.     Effective Date.  The "Effective Date" of this Agreement shall be the calendar date five days after the later of (a) the date on which the Court enters a Final Approval Order dismissing with prejudice the claims of all Settlement Class members (including Dalzell) who do not properly exclude themselves as provided in the Notice or (b) if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

12.     Settlement Administrator.  Dalzell's counsel will engage a third party settlement administrator subject to Zurich's approval, such approval not to be unreasonably withheld. The third party settlement administrator ("Settlement Administrator") will send the class notice, receive the claim forms, assist class

300430337v1 0983772

members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties along with the claim forms submitted. The Settlement Administrator shall report on the number of class member claim forms submitted within fourteen (14) days after the deadline for submission of claim forms. The parties will have the opportunity to review the list of claims and claim forms for the purposes of objection. Should there be any such objection, the Parties agree to attempt to resolve, in good faith, any issue about the effectiveness or validity of those claims, including through negotiating a process to permit claimants to resolve contested issues as to the completeness of claim forms. If a dispute cannot be resolved between them, the Parties agree to submit the matter to the Settlement Administrator. The decision of the Settlement Administrator as to the validity of claims is final and binding. All costs of issuing notice to the class, claim processing, class administration and payment of claims shall be borne by Class Counsel and reimbursed from the award of expenses to class counsel pursuant to Paragraph 10 above. If the court declines to approve the settlement, Zurich and Dalzell will be responsible in equal shares for the expenses incurred on class notice and administration.

13.   <u>Payments</u>.   Within twenty (20) days after the Effective Date, Zurich shall pay the fees, expenses, and incentive award approved by the Court in the Final Approval Order by check made payable to the Settlement Administrator. Within fourteen (14) days after the Claims Due Date, Class Counsel shall inform Zurich of the number of valid and approved claims submitted and the amount

300430337v1 0983772

necessary to fund the payment of the valid and approved claims.  Within twenty (20) days after the Effective Date or twenty-eight (28) days after receipt of the Settlement Administrator's report on the number of valid claim forms received, whichever is later, Zurich shall issue a check made payable to the Settlement Administrator equal to the total amount necessary to fund the payment of the valid and approved claims.  Thereafter, the Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class members who submitted those timely, valid, and approved claims.  Checks issued to the Settlement Class members will be void ninety-one (91) days after issuance and shall state that fact on their face.  Any money remaining from voided checks shall be refunded to Zurich.

14.  <u>Releases</u>.  Subject to and effective upon entry of the Final Order, all Settlement Class members who do not opt out of the proposed Settlement Class (the "Releasors") as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Zurich and European Tile (and each and every of their current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents, members, spouses, family members, heirs, associates, principals and attorneys) (the "Released Parties") from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, including those about insurance coverage, and all obligations, damages, losses, attorney's fees, expenses, interest and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or

300430337v1 0983772

indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the advertisements faxed by or on behalf of European Tile during the Class Period of August 28, 2005 through to and including July 9, 2015 (the "Released Claims").  The Settlement Class does not release claims regarding any advertising fax sent after July 9, 2015.

15.  <u>Releases of Coverage Claims.</u>  Subject to and effective upon entry of the Final Order and upon payment of all moneys due pursuant to this Agreement, Dalzell and all Settlement Class members who do not opt out of the proposed Settlement Class as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Zurich from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses and costs, whether known or known, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or whether contractual or extra-contractual, that have been, could have been, or in the future might be asserted that arise out of or relate to insurance coverage for the advertisements faxed by or on behalf of European Tile during the Class Period of August 28, 2005 through and to and including July 9, 2015.

Subject to and effective upon entry of the Final Order, Zurich releases Dalzell and all Settlement Class members who do not opt out of the proposed Settlement Class as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, from

300430337v1 0983772

any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses and costs, whether known or known, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or whether contractual or extra-contractual, that have been, could have been, or in the future might be asserted that arise out of or relate to insurance coverage for the advertisements faxed by or on behalf of European Tile during the Class Period of August 28, 2005 through and to and including July 9, 2015.

16.    <u>Class Enjoined</u>.  On the Effective Date, all members of the Settlement Class who have not excluded themselves as required by the Notice will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Zurich and European Tile about the Released Claims; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Zurich and European Tile (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

300430337v1 0983772

17.   <u>Satisfaction of Underlying Judgment</u>. After the settlement's final approval becoming final and all payments due hereunder being made, Dalzell shall file a satisfaction of judgment in the Underlying Action and release the judgment against European Tile.

18.   <u>Cooperation</u>.   Dalzell and Zurich agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement provided for herein.

19.   <u>Agreement Contingent Upon Entry of Final Approval</u>.  This Agreement is contingent upon the Court's entry of an order containing a judgment giving final approval to the terms of this Agreement.  If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or substantially modified on appeal, then this Agreement shall be null and void *ab initio* and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party.  In that event, the litigation shall proceed as if this settlement were never proposed.  No party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

20.   <u>Notices</u>.  Requests for exclusion, objections to the Settlement, and notices to Dalzell and the Settlement Class shall be sent to:

Phillip A. Bock
Bock & Hatch, LLC
Attn: European Tile Settlement
134 N. La Salle St., Suite 1000
Chicago, IL  60602

Requests for exclusion, objections to the Settlement, and notices to Zurich shall be sent to:

> Michael M. Marick
> Hinshaw & Culbertson LLP
> 222 N. LaSalle St., Suite 300
> Chicago, IL 60601

21.   <u>Court Submission</u>.   Class Counsel and Zurich's' counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval.  If the Court declines to grant preliminary approval of the settlement and to order notice of hearing with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, then this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

22.   <u>Integration Clause</u>.   This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose.  This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.

23.   <u>Headings</u>.   Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

300430337v1 0983772

24.   <u>Binding and Benefiting Others</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest.

25.   <u>Warranties</u>.  The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

26.   <u>Governing Law</u>.  To the extent not governed by the federal Rules of Civil Procedure, the contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Florida, without regard to its conflict of laws or choice of law provisions.

27.   <u>Mutual Interpretation</u>.  The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  Also, the Agreement has been drafted jointly by Class Counsel and counsel for Zurich.  Accordingly, this Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties.  The Settlement Class acknowledges, but does not concede to or agree

300430337v1 0983772

with, statements by Zurich regarding the merits of the claims and Zurich acknowledges, but does not concede to or agree with, the Settlement Class's statements regarding the merits of the claims.

28.   Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument.  Facsimile and pdf signatures are acceptable for the execution of this Agreement.

29.   Severability.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

30.   Continuing Jurisdiction.  Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Coverage Lawsuit and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment.   Any dispute or controversy arising with respect to the

300430337v1 0983772

interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

Dated: _Sept. 15, 2017_

**DALZELL AND THE SETTLEMENT CLASS**

By: PHILLIP A. BOCK
Digitally signed by PHILLIP A. BOCK
Date: 2017.09.15 18:06:18 -05'00'

Phillip A. Bock
Brian J. Wanca
Michael C. Addison
Their Attorneys

Dated: Sept 15, 2017

**ZURICH AMERICAN INSURANCE COMPANY, as successor by merger to Maryland Casualty Company**

By: _____

Its: _Chief Claims Counsel_

300430337v1 0983772

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY, as successor by merger to
MARYLAND CASUALTY COMPANY,

      Plaintiff,

vs.                                   Case #8:16-cv-729-AAS

EUROPEAN TILE AND FLOORS, INC.,
and ROBERT A. DALZELL, INC.

      Defendants.

---

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND
NOTICE TO SETTLEMENT CLASS MEMBERS**

This matter coming before the Court on the parties' Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the "Joint Motion"), after review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.    Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with

1

capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.     Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following class (the "Settlement Class"):

> All persons who (1) on or after August 28, 2005, (2) were sent telephone facsimile messages advertising the commercial availability of any property, goods, or services by or on behalf of European Tile and Floors, Inc. ("European Tile"), (3) with respect to whom European Tile did not have prior express permission or invitation for the sending of such faxes, and (4) with whom European Tile did not have an established business relationship.

Excluded from the Settlement Class are Zurich and European Tile, any parent, subsidiary, affiliate or controlled person of Zurich or European Tile, the officers, directors, agents, servants or employees of Zurich of European Tile, and the judges and staff of the United States District Court for the Middle District of Florida.  The parties expressly agreed to this Settlement Class definition for settlement purposes.

3.     The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Robert A. Dalzell Inc.'s ("Dalzell") claims are typical of the claims of the class; (d) Dalzell and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4.     The Court appoints Robert A. Dalzell, Inc. as the representative of the Settlement Class pursuant to Rule 23 (a), and appoints Dalzell's attorneys (Phillip

2

A. Bock of Bock, Hatch, Lewis & Oppenheim LLC, Ryan M. Kelly of Anderson +

Wanca, and Michael C. Addison of Addison Law Office, P.A.) as Settlement Class

Counsel pursuant to Rule 23 (g).

5.     By this Order, the Court hereby orders that Class Counsel retain a

third party Claims Administrator to administer the settlement by providing notice

to class members, maintaining the Settlement Website, assisting class members in

completing and submitting forms, receiving claim forms submitted by class

members and issuing checks to persons who submit an approved, valid and timely

Proof of Claim.

6.     The Court finds that the Settlement Agreement's plan for class notice

is the best notice practicable under the circumstances and satisfies the

requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil

Procedure. That plan is approved and adopted. This Court further finds that the

Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim

Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal

Rules of Civil Procedure, are appropriate as part of the notice plan, and are

approved and adopted. The Court orders that the parties provide the notice to the

Class as proposed by October 13, 2017.

7.      The Court hereby sets deadlines and dates for the acts and events set

forth in the Settlement Agreement and directs the Parties to incorporate the

deadlines and dates in the Class Notice:

(a)     Objections and motions to intervene shall be filed in this Court

3

and postmarked and served on Class Counsel and Zurich's counsel on or before December 12, 2017, or be forever barred;

(b)     Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Zurich's counsel on or before December 12, 2017, or be forever barred;

(c)     Requests by any Class member to be excluded from the settlement must be submitted on or before December 12, 2017, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on _[Week of January 15, 2017]_____ at _____ a.m./p.m.; and

(d)     Zurich shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than December 12, 2017; and,

(e)     The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for _[Week of January 15, 2017]_____, at _____ a.m./p.m. in Room _____.

BY ORDER OF THE COURT

_____
Honorable Amanda Arnold Sansone

Dated: _____

4

# EXHIBIT 2

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT.**

**You may benefit from this.  Please read it carefully.**

---

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ZURICH AMERICAN INSURANCE COMPANY,
as successor by merger to MARYLAND
CASUALTY COMPANY,

                                    Case #8:16-cv-729-AAS

        Plaintiff,

vs.

EUROPEAN TILE AND FLOORS, INC., and
ROBERT A. DALZELL, INC.

        Defendants.

---

## NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED PROOF OF CLAIM

To:    All persons who (1) on or after August 28, 2005, (2) were sent telephone facsimile messages advertising the commercial availability of any property, goods, or services by or on behalf of European Tile and Floors Inc. ("European Tile"), (3) with respect to whom European Tile did not have prior express invitation or invitation for the sending of such faxes, and (4) with whom European Tile did not have an established business relationship.

You have received this Notice because your fax number was included on a list of fax numbers identified during the lawsuit.  This Notice informs you about the proposed settlement and about your right to participate in or exclude yourself from that settlement.  You must return a completed Proof of Claim to recover a portion of the settlement fund.

**A.**    **What is this lawsuit about?**  This action is pending in the United States District Court for the Middle District of Florida.  It is an insurance coverage action to determine whether Zurich American Insurance Company ("Zurich") has an obligation to pay some or all of the judgment entered in the underlying class action brought by Robert A. Dalzell, Inc. ("Dalzell") against European Tile (the "Underlying Action"). In the Underlying Action, Dalzell alleged that European Tile violated the federal Telephone Consumer Protection Act ("TCPA") by sending advertisements by facsimile without the recipients' prior express invitation or permission.  In the Underlying Action, summary judgment was entered in favor of Dalzell and the class and against European Tile in the amount of $2,139,000.00 plus pre- and post-judgment interest.  European Tile is defunct and lacks resources to pay the Underlying Judgment other than through the proceeds of its Zurich liability insurance policy.  In this action, Zurich has raised defenses to any obligation to cover the Underlying Judgment.  The Court has not resolved the merits of the insurance coverage claims or defenses, but Dalzell and Zurich have agreed to the settlement described in this Notice.

**B.**    **What is the proposed settlement?**  Zurich has agreed to make available a Settlement Fund of $1,000,000.00 to pay class member claims, an incentive award to the class representative, and

300430349v1 0983772

attorney's fees and expenses to Class Counsel to settle this case.  If the Court grants final approval to the settlement, each member of the Settlement Class who submits a timely and valid Claim Form will receive a check in the amount of their per fax, *pro rata* share of the Settlement Fund, up to $233.75 ($1,000,000.00/4,278 faxes) for each fax that was successfully sent to them.  Most class members received only one such fax.  The Court has granted preliminary approval to the proposed settlement, subject to a final fairness hearing that will occur on _____, 201_, at _____ _.m., in Room _ of the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602.

**C.**    **WHAT ARE YOUR FOUR OPTIONS?**

   **1.**    **Submit a Proof of Claim (attached) to receive a check:**  You must submit a Proof of Claim within sixty (60) days to receive a check for your share of the settlement fund.  You can send it by fax or mail, or submit it online at **<website>**.

   **2.**    **Do nothing:**   You will be bound by the judgment and, if the Court approves the settlement, you will release your claims.  You will not receive any money unless you submit a Proof of Claim.

   **3.**    **Opt out of the settlement:**   You have the right to exclude yourself from both the class action and the settlement by sending a written request for exclusion.  Your request for exclusion must be postmarked on or before _____, 201_, and it must list your name, fax number, street address, and the name and number of this case.  You must send copies of your request for exclusion to Class Counsel <u>and</u> Zurich's attorneys at the following addresses, postmarked by that date:

|  |  |
|---|---|
| <u>Class Counsel:</u> | <u>Zurich's Attorneys:</u> |
| Phillip A. Bock | Michael M. Marick |
| Bock & Hatch, LLC | Hinshaw & Culbertson LLP |
| Attn: Dalzell Settlement | 222 N. LaSalle St., Suite 300 |
| 134 N. La Salle St., Ste. 1000 | Chicago, IL 60601 |
| Chicago, IL  60602 | |

   **4.**    **Object to the settlement:**   If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the United States District Court for the Middle District of Florida, George Edgecomb Courthouse, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602. Your objection must be postmarked by _____, 201_, and must refer to the name and number of this case (*Zurich American Insurance Company v. Robert A. Dalzell, Inc., et al*, Case No. 16-cv-729.  You must also serve copies of your objection on Class Counsel and Zurich's attorneys, postmarked by the same date.  Your objection must include your name, fax number, street address, and a list of other class actions in which you or your counsel filed objections, along with a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class.  It is not sufficient to simply state that you object; you must state your reasons.  Additionally, if you want the Court to consider your objection, then <u>you must also appear</u> at the final approval hearing in Room _ of the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602, on _____, 201_, at _____ _.m.   <u>YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT</u>.

**D.**    **WILL THE COURT APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing on _____, 201_, at _____ _.m., in Room _ of the

Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602.  At that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement.  You are **not** required to attend this hearing unless you plan to object to the settlement.  The fairness hearing may be continued to a future date without further notice.

### E.      WHO REPRESENTS THE CLASS IN THIS LITIGATION?

Robert A. Dalzell, Inc. is the class representative.  Dalzell's attorneys, Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC, Ryan M. Kelly of Anderson + Wanca, and Michael C. Addison of Addison Law Office, P.A., were appointed as Class Counsel.  Their firms have litigated this matter and the Underlying Action on a contingency basis.  As part of the settlement, Class Counsel will request that the Court award Dalzell an incentive award of $15,000.00 for serving as the class representative, and ask the Court to award Class Counsel attorneys' fees of one fourth of the Settlement Fund ($250,000.00) for their legal services, plus their out-of-pocket expenses not to exceed $45,000.00.  You will not have to pay any money to Class Counsel.  These awards will not reduce the amount you receive if you submit a timely, valid Proof of Claim.

### F.      INQUIRIES:

If you have questions about this Notice or about the settlement, write to attorney Phillip A. Bock at the address listed above.  Include the case number, your name, your fax number, and your current street address on any correspondence.  Alternatively, you can call him at 312-658-5501.  Do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions.

### PROOF OF CLAIM
### Zurich American Insurance Company v. Robert A. Dalzell, Inc., et al, Case No. 16-cv-729

Fax Number: <populated by Administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1.   **You Must Provide Your Contact Information.**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Fax Number(s): _____
                 [List all numbers. You may attached a separate sheet.]

2.   **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)    "I declare or affirm under penalty of perjury that the fax number(s) listed above was/were mine or my company's throughout the month of January, 2007."

_____
[Sign your name here]

***OR***

(b)    "I declare or affirm under penalty of perjury that the fax number(s) listed above was/were **not** mine or my company's throughout the month of January, 2007."  Explain when you obtained the fax number(s) identified in #1 above:

_____
_____
_____

_____
[Sign your name here]

3.   **You Must Return this Claim Form by [60 days]_____, 2017:**

(a)    Fax this Claim Form to:  <fax number for claims >
***OR***
(b)    Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]
***OR***
(c)    Submit this Claim Form electronically at: <website>

EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY, as successor by merger to
MARYLAND CASUALTY COMPANY,

                                      Case #8:16-cv-729-AAS

           Plaintiff,

vs.

EUROPEAN TILE AND FLOORS, INC.,
and ROBERT A. DALZELL, INC.

           Defendants.

_____

## FINAL APPROVAL ORDER

The matter coming before the for a fairness hearing on _____, 201_, on the request for final approval of the class action settlement by Plaintiff, Zurich American Insurance Company, as successor by merger to Maryland Casualty Company ("Zurich"), and Defendant, Robert A. Dalzell, Inc. ("Dalzell"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1.     This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3.     The Settlement Class is defined as follows: "All persons who (1) on or after August 28, 2005, (2) were sent telephone facsimile messages advertising the commercial availability of any property, goods, or services by or on behalf of European Tile, (3) with respect to whom European Tile did not have prior express invitation or invitation for the sending of such faxes, and (4) with whom European Tile did not have an established business relationship." Excluded from the Settlement Class are Zurich and European Tile, any parent, subsidiary, affiliate or controlled person of Zurich or European Tile, the officers, directors, agents, servants or employees of Zurich of European Tile, and the judges and staff of the United States District Court for the Middle District of Florida.   The parties expressly agreed to this Settlement Class definition for settlement purposes.

4.     The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5.     The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Dalzell's claims are typical of the claims of the class; (d) Dalzell and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

6.     The Court appoints Robert A. Dalzell, Inc., as the "Settlement Class Representative" and appoints attorneys Phillip A. Bock of Bock, Hatch, Lewis &

Oppenheim LLC, Ryan M. Kelly of Anderson + Wanca, and Michael C. Addison of Addison Law Office, P.A., as "Settlement Class Counsel."

7.     Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

8.     Upon the Affidavit of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

9.     ____ objections were received. The Court overrules all objections.

10.    The following persons validly requested exclusion from the Settlement Class and the settlement and therefore, they are excluded from both: _____.

11.    After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement

3

Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

12.     Zurich has created a settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Dalzell as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert back to Zurich.

13.     As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submitted a timely, valid and approved Claim Form will be mailed a check not to exceed $233.75 from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 90 days after issuance and any amount from voided checks shall be refunded to Zurich.

14.     The Court approves Class Counsel's attorneys' fees in the total amount of $250,000.00 and out-of-pocket expenses not to exceed $45,000.00 based on Counsel's submission of detailed invoices regarding same. Those amounts shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

300430318v1 0983772

15. The Court approves a $15,000.00 incentive award to Robert A. Dalzell, Inc. for serving as the Class Representative. That amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

16. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17. This action, including all claims against Zurich and the Releasees as defined in the Settlement Agreement as asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Dalzell, all Settlement Class members and the Releasors as defined in the Settlement Agreement,  is hereby dismissed with prejudice and without taxable costs to any Party.

18. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Zurich or the Releasees, in this Court or any other court or forum.

19. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive

5

respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

20.     The Court retains jurisdiction for 180 days over this action, Dalzell and all members of the Settlement Class and Zurich to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement.   The Court further retains jurisdiction to enforce this Order.

21.     The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: _____          _____
                                 Hon. Judge Amanda Arnold Sansone

6