UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY, as successor by merger to
MARYLAND CASUALTY COMPANY,

    Plaintiff,

vs.                                                          Case No. 8:16-cv-729-T-AAS

EUROPEAN TILE AND FLOORS, INC., and
ROBERT A. DALZELL, INC.

    Defendants.

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE TO SETTLEMENT CLASS MEMBERS

The parties' request preliminary approval of the class action settlement entered in this action. (Doc. 92). After review and consideration of the Settlement Agreement, and having been fully advised in the premises, it is **ORDERED** as follows:

1. The Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (Doc. 92) is **GRANTED**.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into

1

this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this court.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the court hereby certifies the following class (the "Settlement Class"):

> All persons who (1) on or after August 28, 2005, (2) were sent telephone facsimile messages advertising the commercial availability of any property, goods, or services by or on behalf of European Tile and Floors, Inc. ("European Tile"), (3) with respect to whom European Tile did not have prior express permission or invitation for the sending of such faxes, and (4) with whom European Tile did not have an established business relationship.

Excluded from the Settlement Class are Zurich American Insurance Company ("Zurich") and European Tile and Floors, Inc. ("European Tile"), any parent, subsidiary, affiliate or controlled person of Zurich or European Tile, the officers, directors, agents, servants or employees of Zurich or European Tile, and the judges and staff of the United States District Court for the Middle District of Florida. The parties expressly agreed to this Settlement Class definition for settlement purposes.

4. The court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Robert A. Dalzell Inc.'s ("Dalzell") claims are typical of the claims of the class; (d) Dalzell and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

5. The court appoints Robert A. Dalzell, Inc. as the representative of the Settlement Class pursuant to Rule 23(a), and appoints Dalzell's attorneys (Phillip A. Bock of Bock, Hatch,

Lewis & Oppenheim LLC, Ryan M. Kelly of Anderson + Wanca, and Michael C. Addison of Addison Law Office, P.A.) as Settlement Class Counsel pursuant to Rule 23(g).

6. By this order, the court hereby orders that Class Counsel retain a third party Claims Administrator to administer the settlement by providing notice to class members, maintaining the Settlement Website, assisting class members in completing and submitting forms, receiving claim forms submitted by class members and issuing checks to persons who submit an approved, valid and timely Proof of Claim.

7. The court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rule 23(e)(1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The court orders that the parties provide the notice to the Class as proposed by **February 12, 2018**.

8. The court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the parties to incorporate the deadlines and dates in the Class Notice:

(a) Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Zurich's counsel on or before **April 13, 2018**, or be forever barred;

(b) Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Zurich's counsel on or before **April 13, 2018**, or be forever barred;

(c) Requests by any Class member to be excluded from the settlement must be

submitted on or before **February 27, 2018**, or be forever barred.  The court shall rule on all requests for exclusion or opt outs on **April 30, 2018** at 10:00 a.m.; and

(d) Zurich shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than **February 27, 2018**; and,

(e) The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for **April 30, 2018** at 10:00 a.m., in Courtroom 10B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602.

**ORDERED** in Tampa, Florida, on this 1st day of February, 2018.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge